# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

**UNITED STATES OF AMERICA,**

    Plaintiff,

  v.

**RICHARD DELLER,**

    Defendant.

**Case No. 1:19-cr-116**
**(Civil Case No. 1:23-cv-485)**

**JUDGE DOUGLAS R. COLE**

## OPINION AND ORDER

Richard Deller's former counsel admits he provided legally inaccurate advice to Deller during Deller's plea negotiations. In particular, counsel incorrectly advised Deller that certain time he had served in a state facility before his sentencing in this case would be credited against any federal sentence he would receive here. That in turn led Deller to believe that the terms of an offered plea agreement would result in him serving less total time in prison (state plus federal) than ended up being so. Deller claims that he accepted the plea agreement in reliance on that bad advice. He now moves for relief under 28 U.S.C. § 2255. In doing so, though, Deller makes clear he does not wish to withdraw his plea. Rather, he asks the Court to reduce his sentence to reflect *his* understanding (based on his counsel's faulty advice) of the plea agreement. The question before the Court is one of remedy: specifically, when ineffective assistance of counsel causes a defendant to misunderstand the consequences of a plea agreement, does the Court have the authority to reduce the

defendant's sentence to reflect that misunderstanding even though the government never offered such terms?

## BACKGROUND

The Court held an evidentiary hearing on Deller's § 2255 motion on May 21, 2024. Pursuant to 28 U.S.C. § 2255(b) the Court finds the following facts:

1. On September 25, 2019, the United States indicted Richard Deller for four counts of Distribution of a Controlled Substance (Counts 1–4), in violation of 21 U.S.C. § 841(a)(1) and various portions of § 841(b)(1), depending on the count; two counts of Possession with Intent to Distribute (Counts 5–6), in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C); and one count of Possession of a Firearm in Furtherance of Offense (Count 7), in violation of 18 U.S.C. § 924(c). (Doc. 3, #11–13).

2. On October 15, 2019, Clermont County Court of Common Pleas Judge McBride sentenced Deller on three State of Ohio charges: (1) Breaking and Entering, Case No. 2018 CR 471; (2) Failure to Comply with Order or Signal of Police Officer, Case No. 2019 CR 484; and (3) Failure to Comply with Order or Signal of Police Officer, Case No. 2019 CR 507. Entry of Commitment, *State v. Deller*, No. 2018 CR 471 (Clermont Cnty. Ct. Com. Pl. Oct. 15, 2019).[1]

3. Judge McBride sentenced Deller to six months imprisonment for the Breaking and Entering count, and to eighteen months imprisonment for each of the

---

[1] "Federal courts may take judicial notice of proceedings in other courts of record." *Rodic v. Thistledown Racing Club, Inc.*, 615 F.2d 736, 738 (6th Cir. 1980) (citation omitted).

Failure to Comply with Order counts, all to be served consecutively—for a total term of forty-two months imprisonment. *Id.*

4. On December 5, 2019, the U.S. Attorney's office sought a Writ of Habeas Corpus Ad Prosequendum to bring Deller from state custody to federal court for an initial appearance scheduled for December 10, 2019. (Doc. 9, #22).

5. Federal Magistrate Judge Karen L. Litkovitz issued the writ and Deller made an initial appearance on December 10, 2019. (Doc. 10, #23; 12/10/19 Min. Entry).

6. On December 10, 2019, after Deller's initial appearance, Magistrate Judge Litkovitz ordered Deller detained pending resolution of his federal charges. (Doc. 16).

7. Deller returned to Butler County Jail pursuant to the federal detention order, where he continued serving time on (i.e., receiving credit against) his state sentence while awaiting trial on his federal charges. (Doc. 16; Doc. 77, #485, 513; Def. Ex. 1).[2]

8. On February 14, 2022, Richard Deller reached a plea deal with the United States on his federal charges. (Doc. 40, #82 (signature blocks dated February 14, 2022)). That deal took the form of a plea agreement under Federal Rule of Criminal Procedure 11(c)(1)(C), which was filed with the Court on February 28, 2022. (*Id.* at #77). The Plea Agreement called for Deller to plead guilty to Count 1 in exchange for dismissal of the remaining counts. (*Id.* at #77, 80). The Plea Agreement further

---

[2] Deller submitted Exhibit 1 during the evidentiary hearing, which the Court admitted into evidence without objection. (Doc. 77, #514; Not. Order 5/22/24).

provided that Deller would serve a term of imprisonment of up to 120 months as determined by the Court, followed by five years of supervised release. (*Id.* at #79).

9. An early draft of the Plea Agreement (which no party executed) provided that Deller's federal sentence for this case would run concurrent to his sentence in "case number 2018-CR-000471 in the Clermont County Court of Common Pleas, Clermont County, Ohio." (Doc. 62, #320).

10. The final executed Plea Agreement, however, provided that Deller's federal sentence in this case would run *consecutive* to "case number 2018-CR-000471 in the Clermont County Court of Common Pleas, Clermont County, Ohio." (Doc. 40, #79).

11. Deller's trial counsel, Hal Arenstein, testified that he did not notice the change from concurrent to consecutive in the Plea Agreement. (Doc. 77, #502).

12. During plea negotiations, Arenstein represented to Deller that his time served in the Butler County Correctional Institution from December 10, 2019 (the date the federal Magistrate Judge ordered him detained), to the date of his federal sentencing would be credited towards his federal sentence. (*Id.* at #490, 501–06).

13. Arenstein testified that he did not believe Deller would have signed the Plea Agreement if Deller had known he would not get credit for time served from December 10, 2019, through the date of his federal sentence. (*Id.* at #503).

14. The Court accepted Deller's change of plea on March 21, 2022, but deferred acceptance of the Plea Agreement itself until the time of sentencing. (3/21/22 Min. Entry; Doc. 67, #379).

15. During the change of plea hearing, the Court asked the government to read the Plea Agreement to ensure Deller understood its terms. The government read aloud the Plea Agreement, including the consecutive-sentence provision. (Doc. 67, #366).

16. The Court asked Arenstein if the read-aloud Plea Agreement represented his understanding of the parties' agreement. (*Id.* at #371). Arenstein answered in the affirmative. (*Id.*).

17. The Court asked Deller if his understanding of the Plea Agreement was consistent with what he heard read aloud by the government. (*Id.* at #372–73). Deller answered, "Yes." (*Id.* at #373).

18. Despite being sentenced to a 42-month total term of imprisonment for his state crimes on October 15, 2019, Deller finished his state sentence early, completing his term on November 4, 2022. (Def. Ex. 1).

19. About two weeks later, on November 15, 2022, this Court sentenced Deller for his federal offense. (Doc. 61). During the sentencing hearing, the Court accepted the binding Rule 11(c)(1)(C) Plea Agreement and sentenced Deller to a 78-month term of imprisonment with credit for time served, consistent with the 0–120 month sentencing range specified in the Plea Agreement. (*Id.* at #294).

20. Because Deller had completed his state sentence, the Court did not order his federal term of imprisonment to be served consecutive to his state sentence. (*Id.* at #294).

21. The Bureau of Prisons did not give Deller credit against his federal sentence for the time spent in custody from December 10, 2019, (i.e., the time of Deller's initial appearance in federal court on this matter), to November 4, 2022 (i.e., the date on which his state sentence ended). (Doc. 77, #502).

22. Deller filed a motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 on July 31, 2023. (Doc. 62). He raised an ineffective-assistance-of-counsel claim stemming from Arenstein's advice that Deller would receive credit for the time he served in state custody after his initial appearance in this Court on December 10, 2019. (*Id.* at #306).

23. The Court held an evidentiary hearing on Deller's motion. (5/21/24 Min. Entry; Doc. 77). At that hearing the Court inquired about potential remedies. In particular, the Court inquired whether, if the Court concluded that the only remedy it could provide on the facts of this case was to allow Deller to withdraw his plea, Deller would wish to do so. (Doc. 77, #521–23). Deller requested additional time to consider that issue in consultation with counsel. (*Id.* at #523–24). The Court allowed Deller two weeks to consider the question, instructing him to file a notice indicating his decision within that time period. (Doc. 77, #524–25).

24. Deller subsequently filed a Notification of Selection of Remedy. (Doc. 75). There he specifies that the only remedy in which he is interested is for the Court to give him the "benefit of the agreement as [Deller] understood it." (*Id.* at #429). Beyond that, he specifically disclaims any desire to withdraw his plea agreement and submit to trial on his federal charges. (*Id.*).

6

## LAW AND ANALYSIS

28 U.S.C. § 2255 allows a federal prisoner to collaterally attack his sentence if such sentence was "imposed in violation of the Constitution or laws of the United States." Here, Deller asserts that his sentence violated the Sixth Amendment because it was imposed pursuant to a plea agreement that he accepted due to his counsel's ineffective assistance. *See Strickland v. Washington*, 466 U.S. 668, 684–87 (1984) (holding that sufficiently ineffective representation can violate a defendant's Sixth Amendment right to counsel). To prevail on an ineffective-assistance-of-counsel claim, a movant must show: (1) that his counsel's performance was deficient; and (2) "a reasonable probability that, but for his counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 687–94. When a movant brings an ineffective-assistance-of-counsel claim based on his counsel's purported failures during the plea-bargaining process, the movant can demonstrate prejudice if he can show that, but for his counsel's errors, "the outcome of [the plea bargaining] negotiations would have been different" and "he would have bargained for a more favorable plea." *Gilbert v. United States*, 64 F.4th 763, 771 (6th Cir. 2023).

In the end, though, the Court need not decide whether (1) Deller's counsel was ineffective, or (2) Deller was prejudiced by his counsel's advice, because Deller has waived the only remedy the Court may appropriately award. As explained below, assuming Deller's counsel was ineffective and prejudicial, Deller would have a right to withdraw his plea. But he does not want that. And the (only) remedy Deller does seek—a reduction of his sentence to conform to his one-sided misunderstanding of the

7

consequences of his plea agreement—is not available for the constitutional injury he purportedly suffered.

A Sixth Amendment remedy "should be tailored to the injury suffered from the constitutional violation and should not unnecessarily infringe on competing interests." *Lafler v. Cooper*, 566 U.S. 156, 170 (2012) (cleaned up). The remedy should "neutralize the taint" of the constitutional violation but avoid granting a windfall to the defendant. *Id.* (cleaned up). Ideally, any remedy the Court crafts should put the movant in the same position he would have enjoyed but for the error. *United States v. Hadden*, 475 F.3d 652, 665 (4th Cir. 2007).

So, to assess the proper remedy in this case, the Court must begin by accurately describing the underlying constitutional violation (which, for purposes of this opinion and order, the Court assumes occurred). From what the Court could glean at the evidentiary hearing, Deller's counsel was deficient in two ways. First, Arenstein overlooked that the text of the Plea Agreement changed between drafts. An earlier draft had stated that Deller's federal sentence would run concurrent to his then-active state sentence, while the subsequent (final) draft provided that his federal sentence would run consecutive to the state sentence. Findings of Fact ¶¶ 9–10. This error was remedied, however, when the Court asked the government to read the plea agreement aloud during the change of plea hearing. The government did so, putting Deller on notice that his plea agreement provided for a federal sentence consecutive to, rather than concurrent with, his state sentence. Findings of Fact ¶¶ 15–17.

8

But Arenstein also separately misadvised Deller as to the *consequences* of the Plea Agreement. Specifically, Arenstein led Deller to believe that, notwithstanding the consecutive-sentence provision in the Plea Agreement, the portion of Deller's time spent in custody that started with the Magistrate Judge's detention order in this case and ran through the imposition of his federal sentence would count as credit toward that federal sentence. But that was not—indeed could not be—the case. That is because, under 18 U.S.C. § 3585(b), a federal prisoner receives credit for pre-sentencing detention only if the time "has not been credited against another sentence." And here, Deller was receiving credit against his state sentence for that same time.

That the Magistrate Judge issued (1) a writ to obtain Deller from the state facility in which he was incarcerated, and (2) a federal detention order, does not change that fact. A federal detention order, often called a "detainer," results in credit against a federal sentence only if the federal detainer is the *exclusive* reason the individual remains in custody. *United States v. Blankenship*, 733 F.2d 433, 434 (6th Cir. 1984) ("[C]redit against the federal sentence attaches only when the federal detainer is the exclusive reason for the prisoner's failure to obtain his release on bail."). Accordingly, if an individual is also in custody because he is serving time on a different sentence, he cannot receive credit for that time against a separate, subsequent, federal charge. *See* 18 U.S.C. § 3585(b); *Lancaster v. Cauley*, Civ. No. 08-83, 2009 WL 507484, at \*1–\*2 (E.D. Ky. Feb. 27, 2009) (petitioner was not entitled to

9

credit against his federal sentence for time spent in state custody serving a sentence for resisting arrest).

Against that backdrop, what underlying constitutional injury did Deller suffer from the inaccurate advice he received? What did he give up by entering into a plea agreement he apparently did not understand? He gave up the rights—guaranteed by the Sixth Amendment—to go to trial, to confront any witnesses against him, and to be found guilty or not guilty by an impartial jury. He did *not* give up, however, something to which he had no entitlement. The law did not entitle Deller to a particular sentence,[3] nor did it entitle him to credit against his federal sentence for time served against his state sentence. *See* 18 U.S.C. § 3585(b). Accordingly, Deller never gave up any right to a 44-month sentence (78 months less the 34 months he erroneously believed should have been credited against his sentence) because he was never entitled to that sentence in the first place.

The appropriate remedy for such an injury is permitting Deller to withdraw his plea and returning the parties to the negotiating table. *United States v. Scanlon*, 666 F.3d 796, 798–99 (D.C. Cir. 2012) (holding on direct appeal that a plea agreement could not be unilaterally modified); *United States v. Sandles,* 80 F.3d 1145, 1148 (7th Cir.1996) ("Where there is a mutual misunderstanding as to the material terms of a contract, the appropriate remedy is rescission, not unilateral modification."). Such a remedy would "neutralize the taint" by freeing Deller from the agreement he entered

---

[3] This is particularly true in this case because the count to which Deller pleaded guilty had a statutory maximum of life. (*See* Doc. 3, #11); 21 U.S.C. § 841(b)(1)(A).

based on a mistaken understanding, and it would return both parties to the positions they occupied before that error occurred. In short, permitting Deller to withdraw his plea would vindicate the rights he gave up by pleading guilty in the first place.

The remedy Deller seeks, on the other hand, would produce a windfall for Deller. He asks the Court to sentence him according to a more lenient version of his Plea Agreement—an agreement the parties never executed. True, reducing Deller's sentence would not inherently violate the precise terms of the plea agreement the parties executed. The plea agreement provided only for a sentence *not to exceed* 120 months. Findings of Fact ¶ 8. So the Court could, in theory, reduce Deller's sentence without needing to modify the Plea Agreement's terms. But the Court cannot consider the terms of the Plea Agreement in a vacuum. The government negotiated the terms of the Plea Agreement against the background of applicable sentencing law—law that, as described above, clearly and unequivocally precludes double-counting time served against both a state sentence and a federal sentence (unless, of course, the court orders the later sentence to be served concurrently). And in this case, not only did the law generally provide the background assumptions to any negotiations, but the terms of the Plea Agreement itself evince a specific intent on the government's part to ensure that Deller's state sentence would not count towards his federal sentence. The parties agreed that the sentences would run consecutive to each other. And at the time they signed the agreement, that provision had teeth because Deller was still serving his state sentence. Of course, by the time Deller was actually sentenced by this Court on his federal charge the provision was nugatory because his

11

state sentenced was already discharged. But that was due to the fortuity of timing, not a shift in the parties' understanding. As originally understood, the Plea Agreement did not contemplate Deller's time in custody as a result of his state sentence providing credit against his federal time.

Moreover, this Court sentenced Deller (i.e., selected the actual sentence within the 0–120 month range for which the Plea Agreement provided) based on an understanding that Deller would not receive credit for the time during which he had been serving a state sentence, even though the lapse of that state sentence meant that the Court did not expressly need to address the concurrent/consecutive issue at the sentencing hearing. And regardless of what *Deller* thought he was agreeing to, *this Court's* understanding of the consecutive nature of Deller's sentence unavoidably informed its analysis of the 18 U.S.C. § 3553 factors.

Deller's proposed remedy would have this Court unilaterally reduce his sentence to conform to his misunderstanding of substantive law. The government never agreed, and by all evidence, *would* never have agreed to such a low sentence. Nor did the Court intend to impose it. Deller cannot obtain that sentence, which in this case would undoubtedly constitute a windfall for him, because of his and his counsel's ignorance of the law.

## CONCLUSION

Richard Deller seeks to reduce his sentence because of his counsel's purported ineffective assistance. But the only remedy he seeks is disproportionate to the injury

he allegedly suffered, and the Court therefore declines to award it. Accordingly, the Court **DENIES** Deller's Motion to Vacate, Set Aside, or Correct Sentence (Doc. 62).

The Court **DIRECTS** the Clerk to enter judgment and to **TERMINATE** this case on its docket.

**SO ORDERED.**

July 25, 2024
**DATE**

**DOUGLAS R. COLE**
**UNITED STATES DISTRICT JUDGE**