UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

    v.

**RICHARD DELLER,**

    **Defendant.**

**Case No. 1:19-cr-116**
**(Civil Case No. 1:23-cv-485)**

**JUDGE DOUGLAS R. COLE**

## OPINION AND ORDER

The Court previously denied Richard Deller's petition under 28 U.S.C. § 2255, in which he claimed he received ineffective assistance of counsel in connection with his plea. Deller now requests a certificate of appealability (COA) under 28 U.S.C. § 2253 on the issue of whether the Court can provide the only remedy that Deller has said he will accept—the Court unilaterally imposing the plea deal that Deller (mistakenly) thought he had accepted.[1] For the reasons explained below, the Court **DENIES** Deller's Request for a Certificate of Appealability (Doc. 81).

## BACKGROUND

In the Court's most recent Opinion and Order in this matter, it made several findings of fact. (Doc. 79, #533–37). Here it will highlight only those facts relevant to Deller's current COA request.

---

[1] Although typically filed separately, Deller requested a COA in the same filing that he notified the Court of his appeal. (Doc. 81, #546).

On September 25, 2019, the United States indicted Richard Deller for several drug and firearm offenses. (Doc. 3, #11–13). Just a few weeks later, on October 15, 2019, a Clermont County Court of Common Pleas Judge sentenced Deller on three State of Ohio charges. Entry of Commitment, *State v. Deller*, No. 2018 CR 471 (Clermont Cnty. Ct. Com. Pl. Oct. 15, 2019).[2] Then, on December 10, 2019, Deller initially appeared in federal court for the pending federal charges. (Doc. 10, #23; Doc. 13). The Magistrate Judge ordered him detained pending resolution of his federal charges, (Doc. 16), so Deller returned to Butler County Jail, where he continued serving time on his state sentence while awaiting trial on his federal charges. (Doc. 16; Doc. 77, #485, 513; Def. Ex. 1).[3]

Eventually, on February 14, 2022, Richard Deller reached a plea deal with the United States on his federal charges. (Doc. 40). The most important aspect of that plea deal for present purposes is that the final executed Plea Agreement stated that Deller's federal sentence would run *consecutive* to the sentence in "case number 2018-CR-000471 in the Clermont County Court of Common Pleas, Clermont County, Ohio." (Doc. 40, #79). An earlier draft of that same agreement, though—a draft that the party's did *not* execute—provided that Deller's federal sentence for this case would run *concurrent* to his state sentence. (Doc. 62, #320).

---

[2] "Federal courts may take judicial notice of proceedings in other courts of record." *Rodic v. Thistledown Racing Club, Inc.*, 615 F.2d 736, 738 (6th Cir. 1980) (citation omitted).

[3] Deller submitted Exhibit 1 during the evidentiary hearing on his 28 U.S.C. § 2255 petition, which the Court admitted into evidence without objection. (Doc. 77, #514; 5/22/24 Not. Order).

2

That discrepancy between the draft agreement and the final executed agreement apparently led to some confusion. More specifically, as later became clear at the hearing on the § 2255 petition, it appears that during plea negotiations, Deller's trial counsel, Hal Arenstein, had represented to Deller that his time served in the Butler County Correctional Institution from December 10, 2019 (the date the federal Magistrate Judge ordered him detained), to the date of his federal sentencing would be credited towards his federal sentence. (Doc. 77, #490, 501–06).

In any event, on March 21, 2022, the Court held a plea hearing in the underlying criminal case and accepted Deller's plea to the federal charges. (Doc. 42). At that hearing, the Court went through every aspect of the Plea Agreement with him, including the agreed sentencing disposition, which included the reference to the sentence being consecutive to his state sentence. (Doc. 67, #361–73). In accepting his plea, the Court deferred acceptance of the Plea Agreement itself to allow the Court to consider the sentence specified in the agreement. (*Id.* at #379).

Ultimately, though, on November 15, 2022, the Court accepted the binding Rule 11(c)(1)(C) Plea Agreement and sentenced Deller to a 78-month term of imprisonment. (Doc. 61, #294). But because Deller had completed his state sentence by then, the Court did not expressly order his federal term of imprisonment to be served consecutive to his state sentence (as there was no state sentence left, and he was in federal custody). (*Id.*).

The Bureau of Prisons (BOP), for its part, did not give Deller credit against his federal sentence for the time spent in custody from December 10, 2019, (i.e., the time

3

of Deller's initial appearance in federal court in this matter), to November 4, 2022 (i.e., the date on which his state sentence ended).[4] (Doc. 77, #502). That is because the BOP does not credit time served when a defendant is also receiving credit for that time against another sovereign's sentence, as Deller was here. *See* 18 U.S.C. § 3585(b).

Displeased with the BOP's computation of the date on which his federal sentence would end, Deller moved to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 on July 31, 2023. (Doc. 62). As the basis for that motion, he asserted that he had received ineffective assistance of counsel, based on Arenstein's advice, described above, that Deller would receive credit for the time he served in state custody after his initial appearance in this Court on December 10, 2019. (*Id.* at #306).

The Court denied Deller's petition. (Doc. 79). In the Opinion and Order, the Court assumed for purposes of addressing his petition that a constitutional violation—i.e., ineffective assistance of counsel—had occurred during the plea negotiation process. (*Id.* at #539–40). The Court concluded, though, that the only remedy the Court could offer based on that violation would be to allow Deller to withdraw his plea and reenter plea negotiations (or go to trial). (*Id.* at #541–42). But that presented a problem—Deller had expressly disclaimed any interest in that

---

[4] Under 18 U.S.C. § 3585(b), a defendant can receive credit for time served in detention prior to sentencing. But only the BOP and Attorney General have the power to grant credit for that time served. *United States v. Crozier*, 259 F.3d 503, 520 (6th Cir. 2001) (citing 18 U.S.C. § 3585(b); *United States v. Wilson*, 503 U.S. 329, 333 (1992). District courts cannot, at sentencing, compute the credit. *Wilson*, 503 U.S. at 334.

4

remedy. (Doc. 75, #429). He stated that the only relief he would accept was for the Court to unilaterally reduce his federal sentence to reflect his (mistaken) understanding that he would receive credit against that sentence for the time during which he was serving a state sentence. (*Id.*; Doc. 79, #541–43). Because the Court could not offer the only remedy Deller would accept, it rejected Deller's § 2255 petition. (Doc. 79, #543–44).

Now Deller requests a COA "on the issue of whether the Court can provide … a remedy for the ineffective assistance of counsel constitutional violation short of withdrawing the plea" under § 2255. (Doc. 81, #546).

## LAW AND ANALYSIS

To obtain a COA, a petitioner must clear a high hurdle. The petitioner "must make 'a substantial showing of the denial of a constitutional right.'" *Moody v. United States*, 958 F.3d 485, 488 (6th Cir. 2020) (citing 28 U.S.C. § 2253(c)(2)). That, in turn, requires "showing that reasonable jurists could debate whether … the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (cleaned up). The Sixth Circuit has recently admonished that a court should not grant a COA unless it has a "substantial reason to think that the denial of relief might be incorrect." *Moody*, 958 F.3d at 488. And in making that determination, a court must consider both the merits of the underlying constitutional claim and any procedural barriers to relief. *Id.*

Deller's COA request fails to persuade the Court that a substantial question exists as to whether the Court's denial of relief was incorrect. Take each of his two arguments in turn. First, Deller says that had his counsel given him sound advice, he may have negotiated a plea that credited the time he served in custody (on a state sentence) between December 10, 2019, and November 4, 2022, against his federal sentence, and that the Court can simply implement that more favorable deal now in response to his petition. (Doc. 81, #550). In support of this argument, Deller cites *Rodriguez-Penton v. United States*, 905 F.3d 481 (6th Cir. 2018), to show that he might be entitled to some form of relief other than withdrawing his plea. (*Id.* at #548–50). But Deller's reliance on that case proves too much. In *Rodriguez-Penton*, the defendant expressly sought (unlike Deller) to withdraw his plea. (Mot. to Vacate, *Rodriguez-Penton v. United States*, Nos. 3:11-cr-130, 3:14-cv-547 (W.D. Ky. July 31, 2014), Doc. 92). The district court denied him leave to do so, finding that he had not demonstrated prejudice under *Strickland's* cause-and-prejudice standard because he could not show that he would have gone to trial if he had received the correct advice from counsel (there, relating to deportation). *Rodriguez-Penton*, 905 F.3d at 486–87. The Sixth Circuit reversed, finding that prejudice arises if the defendant can show merely that his "decisionmaking process would have been different" if properly advised. *Id.* at 488. And it remanded for further proceedings under that standard. *Id.* at 490.

That result offers Deller no help here. As already noted above, in rejecting Deller's § 2255 petition, the Court assumed for purposes of the Opinion and Order

6

that a constitutional violation had occurred, and that Deller had a right to relief. (Doc. 79, #538–40). In other words, the Court assumed Deller could meet *Strickland's* cause-and-prejudice requirement. The problem, though, was that, unlike the petitioner in *Rodriguez-Penton*, Deller did not want the only relief that the Court could offer—allowing him to withdraw his plea. (*Id.* at #538–39). And *Rodriguez-Penton* does not, in any way, suggest that relief beyond withdrawing a plea is available.

Turn to Deller's second argument, which is equally unavailing. He maintains that had the discrepancy between the draft plea agreement and executed Plea Agreement been addressed before sentencing, the Court could have credited Deller for the time he served in state prison against his federal sentence under Sentencing Guidelines §§ 5G1.3(c) and (d). (Doc. 81, #550). The Court, however, already explained why this argument fails. Once it accepted Deller's Rule 11(c)(1)(C) Plea Agreement, it was bound by the sentence that agreement imposed.[5] *United States v. Hodge*, 306 F. App'x 910, 914 (6th Cir. 2009). True, the Court could have, "in theory, reduce[d] Deller's sentence without needing to modify the Plea Agreement's terms" (which provided only that the sentence could not exceed 120 months). (Doc. 79, #542). But as the Court explained in its previous Opinion and Order, it selected the sentence

---

[5] At Deller's change-of-plea hearing (which occurred before the Court accepted Deller's Plea Agreement), the Court asked the government to read the Plea Agreement's terms aloud, including the consecutive sentence provision. (Doc. 67, #364–71). The Court then asked both Arenstein and Deller if the read-aloud agreement represented their understandings of the parties' agreement. (*Id.* at #371–73). Both answered in the affirmative. (*Id.* at #371, 373). Deller thus had the opportunity, before sentencing, to make the Court aware of his different understanding of what the agreement's terms should have been. But he did not.

7

it did *with the understanding* that Deller would not be getting credit for time served on the state sentence (as that is what the Plea Agreement said). (*Id.* at #542–43). In sum, while Deller may have been mistaken about the way in which the two sentences would interact, the Court was not. So the Court would not have done anything differently.

## CONCLUSION

Richard Deller seeks to appeal the Court's denial of his § 2255 petition. But the Court could not before and cannot today award the only remedy he will accept—a unilateral sentence reduction. Since reasonable jurists could not disagree with this conclusion, the Court **DENIES** Deller's Request for a Certificate of Appealability (Doc. 81).

**SO ORDERED.**

November 26, 2024
**DATE**

**DOUGLAS R. COLE
UNITED STATES DISTRICT JUDGE**